Barbers Hill Independent School District Mr. Brush Good morning, Met Police the Court My name is Jonathan Brush and with my partner Amy Dimmler We represent the appellants The question before the court in this appeal is very narrow It's the question of whether the district court used its discretion by entering a discovery order that required local legislators to testify to matters that they believe are shielded from discovery by the testimonial privilege of inherent legislative immunity and legislative privilege The district court's order requires those two local legislators the superintendent of the school district, Dr. Greg Poole and the former president of the board of trustees, Mr. Fred Skinner to testify in the presence of opposing counsel, assert their privilege where they deem necessary, but then still reveal the information that they believe is subject to the testimonial privilege On its face the district court's order requires them to reveal information that they believe is protected by a governmental privilege It forces, in effect, a waiver of the privilege. It forces disclosure Forcing disclosure of the privilege is an abuse of discretion Counsel, I'm not sure how you can manage it, but it would be good if you were a little closer to that microphone I will try We raised that issue yesterday I'll try not to touch it again That's a first for me having the microphone issue so I hope being a little closer helps Alright, thank you In this case, there's no dispute that Mr. Skinner is entitled to the legislative privilege He is an elected official who makes policy for a school district The plaintiff at Belize do not challenge his ability to invoke legislative privilege With respect to the testimony with respect to Dr. Poole he is entitled to legislative privilege for those instances where he is performing legislative acts Even though he is not an elected legislator he serves directly as the employee of the relevant legislature here, the school board And this court, in the case of Hernandez v. City of Lafayette held analogously that a mayor was entitled to legislative privilege when performing legislative acts So Dr. Poole is entitled to assert the privilege as well for those instances where he's performing legislative acts With both of the appellants entitled to assert the legislative privilege and they are, by law, local legislators the error on the district court's order is plain Now, the district court based its order on a procedure from the Western District of Texas that was blessed by a motions panel of this court in the Lew Act case Now, that motions panel only denied a stay It didn't reach the merits of the question of legislative privilege and it didn't reach the merits of whether or not an order that compels disclosure of testimony constitutes a forcing What would you have had the district court do? I think the district court could have done one of two things differently The first would have been what we asked the district court to do, which was to bar certain topics of inquiry in total That's in effect what the district court did in Lee v. City of Los Angeles It barred depositions in their entirety A categorical approach. These things are off limits and you do all that and then basically if you get into the deposition and council opposite traverses it or the lawyers do what lawyers do which is get the judge on the phone and fight about it question by question Correct, your honor This case is distinct I want to hear what the categories would be Because the real question is why they did what they did Isn't that the question? Well, I would frame the question two-fold Plaintiffs are asserting that the school district's dress and grooming policy, specifically its restriction on male students' hair length is discriminatory on the basis of gender and on the basis of race Now, if there's no dispute the policy draws a distinction between male and female students on its face So the courts will rule as a matter of law whether or not the school district can put forth a compelling governmental interest such to justify the distinction So what we're really focused on is the intentional race discrimination claim. Even at this point in the litigation it is not entirely clear to me whether plaintiffs are bringing a facial challenge If they are, it would fail because the policy is on its face race-neutral And so the way these claims are typically proved is through disparate treatment through the use of statistical analysis or other evidence similar to an employment case where we'd look at a statistical analysis of the student body population to determine are black students disparately disciplined or is there a climate of discrimination that would give rise to an inference of intentional discrimination That's typically how these cases are proved Now the Supreme Court in Bogan made clear that local legislators are entitled to not have their motives explored in deposition There is an exceptional circumstances test but neither the Supreme Court nor this court have ever found it to exist outside the context of a federal criminal prosecution The Supreme Court's been clear that topics that are shielded by legislative privilege are not the proper focus of depositions And so really the suggestion that was made to the district court in the motion for protection was to categorically bar inquiry into the subjective motivations and non-public decision making process behind the promulgation of the policy Speaking of non-public and public What about the issue of waiver? Because each of these board members I think has stated why they did what they did They put out press releases They've made public statements So are we to assess the issue of waiver of the privilege? Two-fold answer Your Honor. First, the district is not trying to block the depositions as to public statements. We have agreed to put both of these folks up for deposition and they can be cross-examined based upon their public statements But that's not exactly the question The question is have they waived the privilege by their public statements? And the answer is no. They have not They have not waived the privilege by their public statements because the public statements don't necessarily encompass all of their subjective motivations Secondarily, here, the district court has not made a finding of waiver There's nothing for this court to assess in the context of waiver Now, the Appellees spend a great deal of their brief arguing for waiver The district court's order, though and this is, to me, quite interesting and dispositive of many of the Appellee's arguments The district court stated they made no finding as to legislative privilege and any issue as to legislative privilege. The district court has not assessed waiver and that would be a fact-bound determination that should be made by the district court in the first instance not by an appellate court reviewing the order So when they say publicly, this is why I did what I did we're safe assuming that's not the only reason they did it because there's some other things I don't want to talk about Not necessarily That could be the case It sounds like you're saying they have a conversation publicly about this is why we passed this rule this is why we implemented this rule But if you get me at a deposition, I don't want you to ask me subjectively what my subjective motivation was Is that what it is? So I get to talk about my objective motives, but not my subjective motives. Correct. And that's exactly what the privilege contemplates It's a little unusual Typically we wouldn't see that, say, in the employment context, but it's a privilege of constitutional dimension that the Supreme Court has found is necessary to our system of government for local legislators. Stepping back from this case, of course, legislators and lawmakers, they pass laws and regulations for a variety of reasons Sometimes it might just be logrolling Okay,  for my notatorium. Those are the sorts of things that the privilege can shield And so it is just part and parcel of our system of justice and of our constitutional framework As the Supreme Court wrote in Bogan, it's not consonant with our system of government for federal courts to interrogate local legislators And so it does bar inquiry into an area that the plaintiffs may very well wish to inquire into, but they simply don't get to Well, if they're going to be deposed anyway, why wouldn't the district court's mode of doing so be the most efficient way to get things accomplished? Because it forces those legislators to waive the privilege Well, it forces them to testify about items that are matters that may be privileged, but it's under seal, it's counsel only I mean, there are ways to protect privileged information, right? I mean, I think what the district court did was basically a privilege law type thing in camera review, motion to compel before release There are some protections there. And that might be a privilege that has its roots merely in the common law of evidence, like the attorney-client privilege, but it's insufficient for a privilege of constitutional dimension It's a categorical bar on forcing legislators to be subjected to questioning and to divulge the answer And so even though it looks caverned on its face, Dr. Poole and Mr. Skinner have to answer the question. They have to suffer the very harm the privilege is designed to prevent, which is being forced to answer the lawyer's question It vitiates the privilege in this context The Lee case is your best case for... I think Lee and also Lee is probably the most on-point case because it deals with depositions The Al-Vidi case out of the First Circuit also deals with depositions and reaches the same result This court's decision in the La Union Pueblo del Intero case, or the Lupe case, also provides very significant support because in that opinion, the panel found that legislative privilege it wasn't something... it's not helpful to say it's a qualified privilege The panel wrote that the statements that the LULAC motions panel relied on are unhelpful analytically. It's not enough to say it's a qualified privilege You have to look at the privilege itself and there, this court, in its published opinion, found that it was error to force disclosure of documents subject to the legislative privilege It's an even greater harm to force an elected official to testify to matters... That arose out of deposition proceedings, did it not? I mean, I call that case the Hughes case I think that was Lupe v. Abbott, right? Correct, yes I hadn't thought of it as the Hughes case but I think we're on the same page with it as Lupe v. Abbott The acronyms get a little tough But yes, all of these arose out of the context of trying to take depositions But the issue that was squarely presented to the court was the issue of the document disclosure But LEAD stands for the proposition a categorical ban is appropriate and serves the purposes of the privilege And so in that instance, LEAD probably is the strongest, most on-point case especially given that it was cited with approval by this court in the Lupe v. Abbott case And so it was instrumental to Judge Millett's analysis in that decision So I think LEAD, while out of circuit, has been cited with favor for the proposition of how the legislative privilege works and the fact that it can bar testimony in its entirety It really boils down to the procedure the district court crafted Ultimately, while it looks careful on its face, it forces disclosure of information that the legislators should not have to answer under any circumstance under the privilege And so it functionally vitiates the privilege in this context. Vitiating that privilege is an abuse of discretion Now, the second alternative you'd asked me earlier what could the district court have done The first would be the categorical ban on certain topics, which is what we initially asked for. The second would have been to have simply said What would the topics be? The topics would be questions about subjective motivations, non-public discussions in the course of policymaking So two board members might discuss the issue together They might discuss it with the superintendent. All of those policymaking legislative activities would be not subject to discovery The district court could also have simply said, I don't have enough information Go take the depositions Counsel you assert your privilege and plaintiffs you file a motion to compel if you think they're abusing the privilege. That's what happens in the normal course in many respects. The motion for protection ripened this issue and it brought the issue to a fully ripe position because now, even though the district court said it was not making any determination about legislative privilege the very procedure is dispositive of the legislative privilege It forces the testimony out and we cite that and then Judge Kavanaugh noted the problem is that the cat's out of bag You can never put that cat back into the bag and the legislator has suffered the harm of having their privilege stripped from them and that's an abuse of discretion Now, secondarily, the issue that I would like to briefly touch upon is the district court's enforcement order. There's an interesting I guess jurisdictional jurisprudential wrinkle here is that it's well established that the filing of notice of appeal divests the court of jurisdiction and an order that's entered by the district court in the absence of jurisdiction is void, but it's also not subject to an automatic stay. We would ask the court to find that the district court's enforcement order issued after the notice of appeal was filed was void because it was issued in the absence of jurisdiction Appellees do not contest that point In their briefing, they didn't respond because, frankly there's no counter argument Do we have jurisdiction to vacate the order? You do have jurisdiction It's subject to the appeal and the court has the ability to vacate both orders both the underlying discovery order and the enforcement order. And if we change the underlying discovery order, the motion for the protective order, I guess, it would be a nullity anyway, right? The protective order would be a nullity I'm talking about the enforcement order I would be more comfortable if the court were to vacate both I don't necessarily know that it's a nullity, even though the first order would have been vacated the district court would still have attempted to enforce it in the absence of jurisdiction And so the proper course would be to vacate the void order Thank you Thank you Michelle Turner Jung DeAndre Arnold Sandy Arnold May it please the court This court does not have jurisdiction to hear this appeal, but if it was an abuse of discretion for the district court to enter a pretrial discovery order that this court has called carefully crafted admirably prudent cautious, vigilant and narrow. It was not I'd like to make four points First, this court lacks jurisdiction. The district court's order did not decide whether legislative privilege applied Thus, there was no final decision conclusively determining the issue below Second, BHISD concedes on pages 22 to 24 of its reply both that it is appropriate for us to depose its superintendent and school board member and that its superintendent and school board waived any applicable legislative privilege when they made public statements about allegedly privileged information What is disputed is the scope of that waiver Given that the applicability of legislative privilege and the scope of that waiver are fact-based inquiries as you just heard Mr. Brush say, the district court was well within its discretion to issue an order that would allow it to assess the specific questions asked and specific implications of privilege Third, not only is BHISD attempting to deprive the district court of its broad discretion to manage pretrial discovery BHISD is also attempting to misuse a testimonial privilege as a sword and a shield to avoid having its superintendent and a school board member questioned under oath about whether the narrative they advanced in publicly filed declarations, in sworn testimony uttered in a public court hearing, on Twitter in a newspaper, and elsewhere were mere pretext to hide racial discrimination especially given that that narrative conflicts with the statements from the United States Department of Justice Fourth, the protective order BHISD seeks goes too far. Rather than allowing plaintiff's counsel to ask our questions and objecting to the extent that the deponent's answer would contain allegedly privileged information as per normal, BHISD moved for a protective order to wholly prevent plaintiff's counsel from asking a broad swath of questions in the first place, even though those questions may elicit non-privileged information that goes to the heart of our claims. Such a request directly contravenes binding precedent that holds that the state legislative privilege is qualified, waivable, not absolute, and should not bar the discovery of non-privileged information. Regarding jurisdiction, there is no jurisdiction because the district court's June 1st, 2023 order is not a final decision and it's not reviewable under the collateral order doctrine, nor is it reviewable under a writ of mandamus. And I'll note that that writ of mandamus argument was not brought up in the opening brief, it only came up in the reply, and so it's been waived. How do you deal with Hughes? I mean, Hughes found, or I guess it's Lupe too, or Lupe versus Abbott, they found that the Cohen factors were met, seems very similar, I know it was a state legislature versus a local legislative body, but Hughes basically comes in and says no, it's an appealable order because this issue is discrete and once this issue is decided by the district court, it's effectively unreviewable. So Hughes or Lupe is distinguishable because there the district court actually determined that the privilege did not apply. There was no such determination in this case. But it was still,  privilege. In other words, the district court has said you have to testify and we'll figure out privilege later. In other words, counsel opposite's argument is that the privilege is effectively vitiated if we go through with the depositions, the toothpaste is out of the tube, so to speak. So how is it not appealable? So, I would contest that the toothpaste is out of the tube. Essentially, what's happened here is you have the district court saying I'm not making a privilege determination. What I am trying to do is get myself a factual record from which I can figure out what questions will be posed and what specific indications of privilege were made so that I can make a determination. Doesn't Hughes basically stand for the proposition that it is the question, the topic, the category of inquiry that is prescribed, not the answer. In other words, the focus is the topic that the counsel opposite seeks to go into, not whatever the witness may or may not say. So, well, Hughes is also distinguishable because there the court had a privilege log to look at, so they were able to look at the specific documents and make kind of a case by case determination based on those documents. Here, we have BHISC essentially asking for a categorical bar that wouldn't be administrable, right? You don't know what questions you're going to pose to your opponent until you have the witness in front of you and you're hearing what they're saying and you're going to pose the question. And you don't necessarily know when you're asking the question whether they're going to give an answer that may implicate issues of legislative privilege. So the factual kind of predicate for the district court to make a decision just isn't there yet. Likewise, having reviewed the docket... Are you suggesting that they should be compelled to give the answer and then based on what the answer is, the district court can decide whether it's privileged or not? Are you suggesting that the process is they can pose their questions and counsel for the ISD can instruct the witness not to answer? I'm not sure exactly what you're proposing is procedurally to allow a factual basis for the district court to decide whether there's a privilege. So thank you for the question Judge Richmond. I think that part of what's going on here is that if you have the normal course where counsel may instruct the witness not to answer the question and then you have attorneys calling the magistrate judge asking for a ruling or maybe later on filing a motion to compel and asking for a ruling, it still may be difficult for the district court to ascertain whether legislative privilege would bar that question. There are questions that you could ask that could very well yield a wholly unprivileged answer, a partially unprivileged answer. No, but the point is in the privilege law, opposing counsel never sees the documents. Whereas if you're in a deposition and the district court says you have to answer the question no matter what and then I'll decide if it's privileged, then the toothpaste is out of the tube. That's the difference between a document and a privilege log and deposition questions. So I'm asking you what are you proposing as a procedure to how the deposition would actually proceed? Sure. So courts that have done this before have proceeded in this way. Tell me, are you going to make the witness answer and then the judge will decide if the answer is privileged or can you instruct question by question the witness not to answer and that will be the record. I'm just trying to get clarity from you what you're proposing be done during the deposition. Sure. So the district court's  propose, which is that the question would be posed and a specific indication of privilege would be made and they would answer the question. So you would require the answer in the deposition and then the record can be reviewed after the fact. You would require an answer to every question and the district court would review the answer to the question after the fact. Yes, your honor. So in that case any privilege in testimony would be deemed confidential under a strict protective order. Any party who wants to use that testimony would then need to file a motion with the court. That allegedly privileged testimony would be filed under steel. The court would then perform an in-camera review only on the parts that someone actually intended to use. What about the part of our decision in Lupe 2 that talks about it's really intrusion even on local governments to be subjected to the discovery process about the legislative process and that the Supreme Court, this is not me, the Supreme Court said that. How do you deal with that? Sure. So BHISD concedes that it is wholly appropriate for us to oppose both their superintendent and their trustees. They, of course, have information that is, you know, undisputedly not subject to the privilege. And we're not only speaking to ask them about their public statements, right? Like we also have a sex discrimination claim, we have a First Amendment claim, we have various state law claims. And so there are some factual, you know, questions that we have. Well, you have to get behind their public statements and figure out the subjective motivation for enacting the policy, which was what Hughes squarely forecloses you to do. Right. So in this case, this case, again, is distinct from Hughes because you have the district court needing to grapple with the issue of waiver and determine the scope of that waiver. BHIS... Waiver's different. We're talking about, though, the district court's order of protection that set forth this procedure, which you've just reaffirmed. Witness, you have to answer the question. We're going to ring the bell, and then later we'll fight about it and try to unring the bell. And I mean, I fail to see how that's more efficient than just doing the normal thing where you get into a deposition and counsel opposite says, don't answer that question. You should answer that question. We're going to call the judge, and the judge says, this is or is not invasive of the legislative privilege before we ever get to the answer. Otherwise, you're just going to be fighting over all the testimony and answer by answer, and you're still going to go through motions to compel and all that sort of thing. The difference is you've vitiated the privilege. The difference is also that this process would streamline that... Streamlining about it, but go ahead. Never mind. That's what I was just asking. It doesn't streamline it at all. It just sets the stage for a whole series of motions to compel, except the bell's been rung. Counsel opposite now knows what these witnesses have done and what they did to consider all those things that are protected by the privilege. It streamlines it in the sense that the district court doesn't have to make a ruling as to every single question where privilege is invoked, right? Every single answer. Well, instead, what the district court is doing is only making a determination as to those portions of the allegedly privileged testimony that are going to be... They say it's invasive of the process, of the legislative process, to have any discovery at all on these broad topics. No discovery. Period. Because it's taking time away from the public duties. Your response to me is not responsive  concern of the Supreme Court. My response is that state legislative privilege, of course, is qualified. It is waivable. It is not absolute. It should not bar the discovery of nonprivileged information. And, of course, BHSD concedes that it is appropriate for us to depose their superintendent and their trustee. And so they're going to be deposed anyway. And, of course, legislative immunity is wholly different from state legislative privilege. You do have the situation where the state legislative privilege... We're not talking about legislative immunity. We get that. Okay. So, essentially, they're going to be showing up for depositions anyway. And so you have a district court that is charged with trying to figure out what are the contours of this waiver and how does this district court proceed to do that. We would argue that it's within the district court's broad discretion to manage pretrial discovery, to be able... A state legislature passes a statute and they express findings, as they often do, in the history of the legislation. We're passing this statute because we see X, Y, and Z. Is that a waiver of the legislative privilege to put it in the history of the statute? I think that that is a little bit different from what we have here, right? Because your hypothetical presumes that they're making this statement. It sounds like it would be a legislative act, making that statement. It's a part of telling the public. We're so happy the governor signed this bill today. It's going to do this, that, and the other for families. That happens all the time in the legislature. You can't then invade the legislative privilege to go behind that stated reason or stated features of the bill, whatever it may be, to get to their subjective processes that are protected by the statute. I'm certainly not suggesting that every public statement that a legislator makes about a policy change is something that would waive the legislative privilege. What we are saying... I'm interested in... I know there's a lot of talk about waiver. I'm interested in moving past waiver. Let's assume they didn't waive it. My concern is this very broad, general, categorical objection to answering any questions at all at least appears to me to be unfair. Let me ask you this. I know your preference is that you're able to have them sit for a deposition. What if there were interrogatories propounded to the legislators so that the questions could be viewed in advance by the judge? Obviously, you don't know what the answer would be, or you wouldn't be asking the question, so you want to see the answers. If the questions were previewed by the judge and approved by the judge, it still wouldn't prevent the legislators from lodging an objection to that interrogatory. They'd have their written objection to it, but at least then it would be clear  It'd be clear from those interrogatories what questions you wanted to ask and then what they deem privileged and what they don't deem privileged. Would that be I guess I'm not asking you to agree to it. How is that significantly different from what your preference is, which is to have them sit for a deposition? Thank you, Your Honor. Asking the judge to pre-approve our questions is not a sufficient remedy. It's certainly better than a categorical bar on asking any questions whatsoever, but it doesn't seem to be a sufficient remedy because, A, you're giving opposing counsel and the witnesses a competitive advantage because they get to see those questions beforehand, but B, it's impossible to know. There are certain questions it will be impossible to know whether the witness is going to advance an answer that may implicate legislative privilege. For example, we might want to ask something like can you walk us through the process of how you revise the hair policy during the 2019-2020 school year? It's unclear whether that response is going to get into legislative privilege or not. Well, but at least you'd know whether or not they object to it. True. You've apparently interrupted us. True. So I did want to point out that courts that have used this process, and many other courts have used, or several other courts have used this process, things have proceeded as per normal. It's not as though we've looked at the dockets in these cases. We're not aware of a situation where an order similar to this one has resulted in motions for relief or appeals based on the improper disclosure of allegedly privileged information. BHISD has not pointed to any case where the world has fallen apart because this order was adhered to. Where are your cases with similar orders? So if you look at the LULAC case, that order was entered twice in the LULAC case. You're talking about the one that came up to our court on the motions panel. That's correct, but also Nashville Student Organizing Committee v. Hargett. I can get you the citation if you'd like it. I'll just give it to you. It's 123 F. Sepp 3rd, 967. That's out of the Middle District of Tennessee. I also wanted to note that this court in NRE Itron has explained that waiver extends to all subject matter related to the privileged information injected into litigation. That's to prevent a party from cherry picking what party. The Lee case out of the Ninth Circuit is distinguishable. That case, the court decided this is not a strong enough case to justify getting into potentially privileged information. Our case is completely different. You have the district court below already determining that we're likely to prevail on a race discrimination claim. Also, Lupe, also distinguishable as I mentioned before because there was an actual privileged determination made there. You were dealing with documents. They're tangible things. They're things that district courts can actually look at and review. There's a privilege log. Here you're talking about questions that have not been formulated yet. Also, I'm glad that Judge pointed out that the issue of legislative immunity is wholly separate from the issue of state legislative privilege, which of course is qualified, not absolute, waivable, and should not bar the discovery of nonprivileged information. That's why we oppose the predictive order that they've asked for because it would absolutely bar the discovery of nonprivileged information, which is improper and inconsistent with precedent. The privilege, I'll just note, does come from federal common law. There aren't the same concerns there with separation of powers as between different federal branches of government. State legislative privilege is different. I'll also note that this court made clear in Rutherford v. Harris County, Texas that an appeal from an unappealable order does not divest the district court of subject matter jurisdiction. That order that the district court entered because we had a discovery deadline, there was a trial date happening, he wanted to make sure that the plaintiffs were not prejudiced by the inability to depose the 30B6, the superintendent, the trustees, that order was proper. We decide this order is appealable, though it wasn't proper, was it? It depends. If you look at Rutherford v. Harris County, the court is talking about how if it was patently obvious that the order was appealable, then yes, that wasn't a great move by the district court, but if it was unclear, if it was an unappealable order, it just doesn't divest the district court of jurisdiction. I see I am out of time. We would ask that the court dismiss the appeal for lack of jurisdiction, and if you decide to proceed, that you affirm the district court's order. Thank you, Your Honors. The court's decision in Luke-Bayer Hughes settles the jurisdictional question. Under the rule of orderliness, this court has already found that this is a collateral order subject to appeal. This panel is bound to follow Luke-Bayer. That settles the question of jurisdiction. Interestingly, the LULAC case that they rely so heavily on, the motions panel found they had jurisdiction, citing two circuit court cases from the 11th Circuit and other sister circuits. So the jurisdictional question, even their key case, this court found it had jurisdiction over the matter. The motions panel got that right. They just didn't get this order right. Correct. They got the substance approved of the order that the judge proposed in this case. The motions panel's order is non-precedential of course, and it can't be squared with Lupe. The holding of Lupe is broad enough that it forecloses the motion panel's order. Again, it's not precedential. Of course, Judge LULAC wasn't convinced of the motions panel that they had jurisdiction, but apparently they have subsequently come to the conclusion under the collateral order doctrine that this court does have jurisdiction. So the court plainly has jurisdiction over the appeal, which answers the last question about the voidness of the order. It's a proper appeal. The district court's enforcement order was void. The plaintiffs did not respond to that argument, so they forfeited any contrary argument. They can't now in oral arguments say, but here's a case that says it would be an enforceable order. By not responding, they forfeited any argument. While the legislative privilege is qualified, as the court well knows, qualified privileges and qualified immunities routinely bar discovery. This court's opinion in Carswell v. Camp made plain that you don't get discovery in the face of qualified immunity. So even when something is qualified, that doesn't mean that it is subject to being swallowed up by generalized rules of waiver and balancing tests. All of the cases that opposing counsel cited to you where this procedure was used, to my knowledge, they all predate Lupe. And predating Lupe, they can't be squared with Lupe. They're either out of circuit, in which case they're not informative, or they're in circuit, but nobody took the appeal and brought the issue up to the court where the court made it a dispositive finding on jurisdiction. Lupe is the last word on this issue. And while the district court did not make an express finding of the recital in the order that says that does two things. It forecloses any consideration of waiver because there's no underlying finding, but it doesn't control the substance of the court's order. The recital does not change the fact that the forced disclosure fishions the privilege. And so the privilege protects against categories of inquiry, not necessarily specific questions. And while they are different, we don't typically have a situation where a court's going to order, barring first making a predicate finding of waiver or offensive use, which we don't have here, the court's not going to order somebody to testify to attorney-client privilege matters. That's the normal course. Now, the interrogatory suggestion that was made I think probably begs the same question. It's still asking a question that has to be verified. So the person answering has to make a verification, so they're being forced to testify. And I think that could still invade the privilege if they were forced to answer the questions. Now, if the suggestion is simply to have questions that the privilege could be lodged to without answering, that might be workable, but that's not what the district court did here. Ultimately, the effort to distinguish the constitutional dimensions of absolute immunity from a qualified testimonial privilege misses the mark, because as Judge Ouellette noted in Lupe, it implicates concerns of federalism. And so it does have a separation of state and federal and local powers component, and it is a constitutional dimension, just as qualified immunity is, and that's one of the reasons why this court has been so vigilant in enforcing qualified immunity and now the testimonial privilege. And then finally, the effort to distinguish the Lee case from the Ninth Circuit misses the mark. The plaintiffs say that, well, the court determined there wasn't enough to go on in that case. Well, yes, the court granted summary judgment and precluded the plaintiffs from taking depositions, so the court necessarily barred them from attempting to gain evidence that they would have no doubt contended was necessary for them to raise a genuine question of material fact. Lee is illustrative of just how strong this privilege is, is that in a case alleging redistricting discrimination, the court said you cannot have the depositions. You have to make your case in the absence of invading the privilege, and they had no evidence to raise a genuine question of material fact. We would ask that the court reverse the district court's order and vacate both orders. Thank you. Just for future reference, it's Judge Willett. Oh, my apologies. No worries.